```
                  UNITED STATES DISTRICT COURT
               FOR THE CENTRAL DISTRICT OF ILLINOIS
                        PEORIA, ILLINOIS

JASON DALLEFELD,                    )
                                    )
        Plaintiff,                  )
                                    )
   v.                               )   2015-CV-01244
                                    )
THE CLUBS AT RIVER CITY, INC.,      )
                                    )
Defendant.                          )
```

**PLAINTIFF'S MOTION IN LIMINE AND MOTION TO BAR WITNESS**

Plaintiff, Jason Dallefeld, by his attorneys, Ashton N. Nowlan and Colleen R. Lawless of Londrigan, Potter & Randle, P.C., moves *in limine* to have the Court instruct Defendant, through Defendant's counsel, not to mention, refer to, interrogate concerning, voluntarily answer, or attempt to convey at any time during these proceedings in any manner, either directly or indirectly, the subject matters as stated below and to bar the below mentioned witness and in support states:

1.  **Motion to Bar Matt Clarke as a Witness**

Plaintiff moves to bar Defendant from calling Matt Clarke as a witness. Mr. Clarke should be barred because he was never disclosed as a witness in Defendant's Initial Disclosures or in Defendant's Answers to Interrogatories. Defendant has no good reason for the late disclosure of a witness who is apparently employed by Defendant. Thus, Mr. Clarke should be barred because

Fed. R. Civ. P. 26 was violated and pursuant to Fed. R. Evid. 401 and 403.

2. <u>The Amount and Duration of Unemployment Benefits Plaintiff Received</u>

Plaintiff applied for and received unemployment benefits after he was not allowed to return to work for Defendant. The fact that he applied for unemployment benefits and the date on which he applied for benefits could be relevant evidence in this case. However, the amount of benefits and the duration of benefits are collateral and should not be brought forth to the jury or otherwise pursuant to the collateral source rule.

3. <u>Exclude Non-Party Witnesses From the Courtroom During Trial</u>

Plaintiff respectfully requests that this Court exclude all witnesses (other than Mr. Dallefeld and one corporate representative for Defendant) during the opening statements and the testimony of all other witnesses. Fed. R. Evid. 615.

4. <u>Bar All References to any Collection/Small Claims Lawsuits in which Plaintiff has been Involved</u>

Plaintiff respectfully requests that this Court bar any reference to collection/small claims lawsuits in which Plaintiff has been involved because such references would be irrelevant to the question of whether Defendant violated Plaintiff's rights under the FMLA, ADA, and Illinois Workers' Compensation Act. Plaintiff testified in his deposition that he has been contacted

by debt collectors and/or had small claim collection cases filed against him. None of the collection cases are relevant and all would be prejudicial pursuant to Federal Rule of Evidence 401 and 403.

    5. <u>Plaintiff's prior Workers' Compensation Case against Previous Employer</u>

Plaintiff filed a workers' compensation claim against his previous employer, Five Star Fitness, in 2012 (Case No: 12 WC 25504). The earlier case is not relevant. Mention of the prior Workers' Compensation case is prejudicial because it will be used to try and paint Plaintiff as litigious. Fed. R. Evid. 401 and 403.

    6. <u>Plaintiff's Traffic Convictions and Misdemeanor Charges</u>

Plaintiff has been convicted of traffic violations, plead guilty to disorderly conduct in 2011 in Fulton County (he was sentenced to 12 months court supervision which he completed successfully), and was charged with misdemeanor domestic battery in 2016 in Fulton County. Mention of any said traffic convictions, misdemeanor charges, or arrests involving same are irrelevant and highly prejudicial. Fed. R. Evid. 401, 403, 609; *see also Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001)(an individual's prior arrest record is inadmissible).

7. <u>Plaintiff's Misdemeanor Theft Conviction</u>

Plaintiff understands that his misdemeanor theft conviction can be used for impeachment purposes. However, Defendant should be prohibited from mentioning anything beyond the crime charged, the date and the disposition of Plaintiff's conviction. S*ee Hernandez v. Cepeda,* 860 F. 2d 260, 264 (7th Cir. 1988). Defendant should similarly be prohibited from eliciting any testimony from its witness Jessica Siefken regarding same. *See id.*

8. <u>Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge and Final Determination/Notice of Right to Sue</u>

Although Defendant may assert otherwise, the only reason Defendant would mention Plaintiff's charge of discrimination and/or the findings and Notice of Right to Sue regarding the charge would be to show Plaintiff is litigious. Additionally, the prejudicial effect of presenting administrative findings substantially outweighs their probative value. Thus, Plaintiff's EEOC charge of discrimination and the final determination/notice of right to sue regarding said charge should be excluded from evidence at trial.

9. <u>Defendant's Request to Add Defense Regarding Plaintiff's Reasonable Accommodation Claim</u>

Defendant should not be able to assert this defense on the eve of trial. Defendant has never raised this defense once

during the litigation. In fact, Defendant admitted in its Answer to Plaintiff's Complaint that all jurisdictional prerequisites to the institution of Plaintiff's lawsuit had been fulfilled, and Plaintiff had exhausted his administrative remedies as required by law. (d/e 6, p.6, ¶33). Thus, Defendant should be barred from asserting said defense on the eve of trial.

10. <u>Plaintiff's Exhibits 22-26</u>

Plaintiff should be allowed to introduce Exhibit Nos. 22-26 at trial because they are business records of Defendant. The documents identified as Exhibits 22-26, which were taken from the personnel files of M. Clarke, B. Hard and L. Burton, and were produced by Defendant in discovery. Additionally, Plaintiff has redacted all personal information relating to said employees, leaving only their first initial and last names to protect the privacy of the individuals. Thus, Plaintiff's Exhibits should be admitted over Defendant's objection.

11. <u>Defendant's Exhibit No. 16</u>

Plaintiff objects to Defendant's Exhibit No. 16, which is a demonstrative timeline. Plaintiff fears that the timeline will mislead the jury and be prejudicial to both parties. Thus, Defendant should be barred from using Exhibit No. 16 at trial.

12. <u>Motion to Bar Testimony of Lisbeth Robinson regarding Plaintiff lifting weights while he was off duty</u>

Lisbeth Robinson should be barred from offering testimony as it relates to Mr. Dallefeld allegedly lifting weights at the Clubs while he was off duty. This information was not disclosed until Defendant filed its Motion for Summary Judgment, which attached the Declaration of Lisbeth Robinson. Due to the late disclosure of said information, admission of such testimony should be barred pursuant to Fed. R. Evid. 401 and 403.

13. <u>Peremptory Challenges</u>

Plaintiff requests that any objection to the manner in which a peremptory challenge or a challenge for cause is exercised during jury selection be made outside the presence of the jury.

14. Plaintiff is waiving any objection to Judge Shadid presiding over the case after his disclosure of a potential conflict at the final pre-trial conference.

15. Accompanying this motion is a Memorandum of Law that more fully sets forth why this motion should be granted.

WHEREFORE, Plaintiff prays the Court will enter an Order prohibiting Defendant from mentioning or otherwise conveying to the jury the above listed information and also prays that Matt Clarke be barred as a witness.

Respectfully Submitted,

Jason Dallefeld, Plaintiff

By: /s/ Ashton N. Nowlan_____
    Ashton N. Nowlan, #6317933
    Londrigan, Potter & Randle, P.C.
    1227 South Seventh Street
    P.O. Box 399
    Springfield, IL 62705
    Telephone: (217) 544-9823
    Fax: (217) 544-9826
    ashton@lprpc.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on, August 7, 2017, I electronically filed the foregoing, PLAINTIFF'S MOTION IN LIMINE AND MOTION TO BAR WITNESS, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael R. Lied
Howard & Howard Attorneys PLLC
One Technology Plaza, Suite 600
211 Fulton Street
Peoria, Illinois 61602
E-mail: mlied@howardandhoward.com

    /s/ Ashton N. Nowlan_____
    Ashton N. Nowlan, #6317933
    Attorney for Plaintiff
    Londrigan, Potter & Randle, P.C.
    1227 South 7th Street, P.O Box 399
    Springfield, Illinois 62705
    Telephone:  (217) 544-9823
    Fax:  (217)544-9826
    E-Mail: ashton@lprpc.com