UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA, ILLINOIS

| | |
|---|---|
| JASON DALLEFELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:15-cv-01244-JES-JEH |
| THE CLUBS AT RIVER CITY, INC., | ) ) ) |
| Defendant. | ) |

### RESPONSE TO PLAINTIFF'S MOTION IN LIMINE AND MOTION TO BAR WITNESS

The Clubs at River City, Inc. ("The Clubs"), by Howard and Howard Attorneys PLLC, respond to Plaintiff's Motion in Limine and Motion to Bar Witness as follows:

**A.    Motion to Bar Matt Clarke as a witness.**

As Plaintiff's counsel argued at the Pretrial conference, Matt Clarke had not been disclosed as a witness. Undersigned counsel agreed, but pointed out Clarke's identity was disclosed in discovery, indeed, by Plaintiff. The Court suggested that Clarke could be deposed, and Plaintiff's counsel has not sought to do so. The Motion to Bar Matt Clarke should be denied.

**B.    The amount and duration of unemployment benefits Plaintiff received.**

Defendant does not intend to offer the amount or duration of unemployment benefits.

**C.    Exclude non-party witnesses from the courtroom during trial.**

Defendant has no objection to this request.

**D.    Bar all references to any collections/small claims lawsuits in which Plaintiff has been involved.**

Defendant does not intend to introduce any such evidence. However, what is good for the goose is good for the gander. Plaintiff should not be able to testify about collections or small claims lawsuit to bolster a claim of emotional distress.

E.  **Plaintiff's prior worker's compensation case against previous employer.**

Defendant denies this is not relevant or more prejudicial than probative. The jury could find that the worker's compensation claims against Defendant were irrelevant because Dallefeld was hired despite having a pending workers' compensation claim. In addition, the existence of the earlier claim explains why Defendant was puzzled about the claims filed against The Clubs at River City; as Lizzy Robinson will testify, she did not understand how you could have a "claim within a claim." Finally, this evidence would be relevant to explain Dr. Rhode's treatment of Dallefeld—believing for an extensive period that Dallefeld's treatment involved the workers' compensation claim against the previous employer.

F.  **Plaintiff's traffic convictions and misdemeanor charges.**

Defendant does not intend to introduce any such evidence.

G.  **Plaintiff's misdemeanor theft conviction.**

This request should be denied. Defendant has previously explained that it intends to introduce brief testimony from Jessica Siefken, establishing that the theft conviction was a crime involving dishonesty. This is different than simple theft where money or property is simply taken.

H.  **Plaintiff's Equal Employment Opportunity Commission Charge and Final Determination/Notice of Right to Sue.**

Initially, Defendant does not intend to introduce the Final Determination and Notice of Right to Sue. Defendant has previously explained that it intends to introduce the Charge on the issue of whether Dallefeld exhausted his administrative remedies with regard to his reasonable accommodation claim and because Plaintiff lists dates of injuries that are incorrect.

I. **Defendant's request to add defense regarding Plaintiff's reasonable accommodation claim.**

Again, at the pretrial conference, Defendant provided the Court with Seventh Circuit case authority indicating that a "failure to reasonably accommodate" claims different than a discrimination claim under the ADA. Counsel explained that The Clubs were represented by different counsel at the EEOC stage, and that undersigned counsel had only noticed the Charge in preparing for the pretrial and trial. The Court suggested this issue be raised in a Motion in Limine. Plaintiff either exhausted his administrative remedies or he didn't. That is a matter for the Court's determination. Defendant askes that this request be denied.

J. **Plaintiff's Exhibits 22-26.**

Defendant agrees that these exhibits constitute business records, but has asserted that these employees are not similarly situated because they had a different job than Plaintiff had. Thus, they are irrelevant.

K. **Defendant's Exhibit No. 16.**

Defendant has previously pointed out it intends to utilize the timeline to allow the jury to follow the chronology. Defendant is unaware of any requirement that the timeline include every thing that occurred in this case. The timeline would certainly not be prejudicial to Defendant—or to Plaintiff. The jury can make whatever use of it it deems appropriate.

L. **Motion to Bar Testimony of Elizabeth Robinson regarding Plaintiff lifting weights while off duty.**

At his deposition Dallefeld was asked if he worked out after Dr. Rhode took him off work. He answered "No. *** No I didn't do much working out after that, after the actual last injury." Plaintiff essentially argues that this information was disclosed late. However, Robinson's Declaration in Support of the Motion for Summary Judgment was filed months ago. Plaintiff did not seek to reopen Robinson's deposition and certainly could have asked about

3

Dallefeld's activities at Robinson's deposition. Like any witness, Robinson was not required to disclose everything she knew, particularly if she was not asked the question. This testimony is relevant (as would be Matt Clarke's testimony), to Defendant's legitimate questioning of whether Dallefeld was abusing his leave, and whether he really needed to be off work entirely or could have worked light duty.

**M.     Preemptory challenges.**

Defendant has no objection to this request.

Dated this 10th day of August 2017.

                                Respectfully submitted,

                                THE CLUBS AT RIVER CITY, INC.


                                By     /s/ *Michael R. Lied*
                                     One of its attorneys


HOWARD & HOWARD ATTORNEYS PLLC
Michael R. Lied (ARDC NO. 06197844)
One Technology Plaza, Suite 600
211 Fulton Street
Peoria, Illinois 61602
Telephone:  309-672-1483
Facsimile:  309-672-156

## PROOF OF SERVICE

I hereby certify that on August 10, 2017, I electronically filed the aforesaid with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

>Ashton Nicole Nowlan, Esq.
>Colleen R. Lawless, Esq.
>Londrigan Potter & Randle PC
>1227 South Seventh Street
>P.O. Box 399
>Springfield, IL 62705

By: */s/ Michael R. Lied*

4820-0305-2620, v. 1