E-FILED
Thursday, 30 November, 2017  03:18:14 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JASON DALLEFELD,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CLUBS AT RIVER CITY, INC.,<br><br>    Defendant. | Case No. 1:15-cv-01244-JES-JEH |

### ORDER AND OPINION

Now before the Court is the Plaintiff, Jason Dallefeld's, Petition for Attorney Fees, Expert Witness Fees, and Costs. (D. 68).[1] The Defendant, The Clubs at River City, Inc., filed a Response (D. 72) and the Plaintiff filed a Reply (D. 74). For the reasons set forth below, the Plaintiff's Petition is GRANTED in part and DENIED in part.

### BACKGROUND

The Court and the parties have briefed the background of this case extensively in several prior motions. What follows, are portions of the background relevant to the pleadings presently before the Court.

The Plaintiff filed the instant suit in June 2015. (D. 1). He claimed two violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et. seq.*; two violations of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. § 1211 *et. seq.*; and retaliatory discharge under Illinois common law. (D. 1 at pg. 1). His claims involved a common core set of facts.

In August 2017, the Court presided over the Plaintiff's jury trial. The parties stipulated that if the Plaintiff prevailed, the Court would determine his entitlement to "lost compensation,

---
[1] Citations to the Docket in this case are abbreviated as "D. __."

1

the amount of interest, whether liquidated damages should be reduced, front pay, and reasonable attorney fees and costs of litigation." (D. 45 at pg. 8). After the Plaintiff presented his case, the Court ruled that one of his FMLA claims failed as a matter of law. The jury subsequently found for the Plaintiff on his other FMLA claim, and for the Defendant on the three remaining counts. (D. 53). Thus, the Plaintiff was successful in one out of five of his claims.

The Plaintiff filed a Motion for Back Pay shortly after trial concluded (D. 56), asserting that he was entitled to a host of damages—in excess of $417,000 (D. 57 at pg. 19). The Court granted the Motion in part and denied it in part, awarding him $12,846.84 in back pay and benefits and $1,430.62 in prejudgment interest. (D. 67). Shortly thereafter, the Plaintiff filed the instant Petition, arguing that he is entitled to recover $108,994.32 in reasonable attorney fees and litigation costs. (D. 68).

## STANDARD OF REVIEW

Once a plaintiff has obtained a judgment on an FMLA claim, the Court must allow the plaintiff to recover "a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3); *Franzen v. Ellis Corp.*, 543 F.3d 420, 430 (7th Cir. 2008). "The district court may then, at its discretion, increase or reduce the [] amount by considering a variety of factors. If a district court elects to reduce a fee award, it must provide a concise but clear explanation of its reasons." *Baier v. Rohr-Mont Motors, Inc.*, 175 F.Supp. 3d 1000, 1019 (N.D. Ill. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Small v. Richard Wolf Med. Instruments Corp.*, 264 F. 3d 702, 708 (7th Cir. 2001)).

Generally speaking, courts determine the reasonableness of attorneys' fees using the "lodestar method" articulated in *Hensley*. 461 U.S. at 433. "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health*

*Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (citations omitted). Under loadstar, the starting point for calculating fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

Critical in determining the reasonableness of a fee recovery is "the degree of success" the prevailing party obtained at trial. *Hensley*, 461 U.S. at 436. The district court can reduce or eliminate the fees awarded as a result of the prevailing party's limited success. *Id.* This reduction, however, is not automatic. *Id.* at 424. Even time spent on unrelated contentions stemming from the same set of facts and based on related legal theories which were ultimately unsuccessful are not subject to automatic dismissal. *Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1133 (7th Cir. 1987). Ultimately, however, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440.

## ANALYSIS

The events giving rise to this litigation all center on the Plaintiff's fluctuating status as a working employee for the Defendant while recovering from a knee injury and eventually getting surgery to repair it. This culminated in the Defendant's decision to terminate the Plaintiff's employment. Given the common core of facts in the case, the Court is not free to mechanically adjust the Plaintiff's award. *Id.* at 439. Here, the Defendant does not dispute the reasonableness of the rates asserted by the Plaintiff. (D. 72 at pg. 2). Rather, the parties dispute the extent to which the Plaintiff is entitled to reimbursement.

Thus, the Plaintiff's success hinges on the Court's determination of whether or not he achieved substantial relief at trial. *Hensley*, 461 U.S. at 424. In light of the Plaintiff's failure to obtain a favorable verdict in a decisive majority of his claims, the Court finds that a reduction is

appropriate. The majority of the Plaintiff's legal theories were rejected by the jury. The amount of the fees and costs reimbursed should be reduced.

Specifically, the Plaintiff seeks $94,548.75 in reasonable attorney fees pursuant to 29 U.S.C. § 2617. (D. 69 at pp. 1-9). This request is supported with proper documentation, including attorney billing records. (D. 69-1). The Plaintiff further asserts that he is entitled to $14,445.57 in expert witness fees and other costs pursuant to Federal Rule of Civil Procedure 54(d) and 29 U.S.C. 2617(a)(3). (D. 69 at pp. 9-13). The expert witness fee alone is $10,000. (D. 70-1). This request is also supported with appropriate documentation. (D. 70; D. 74-1).

The Defendant argues the Plaintiff's recovery of attorney's fees should be reduced—mainly because the Plaintiff's billing explanations are vague and duplicative. (D. 72 at pp. 2-13). The Defendant also requests that the Court limit the reimbursement of the medical expert witness fee and recovery of costs. (D. 72 at pp. 13-14). The Court finds that the billing records indicate that Plaintiff's counsel billed for this matter reasonably without providing too much detail so as to waive attorney-client privilege. (D. 69-1 at pp. 3-15). The Court further finds that the Plaintiff's recovery should include reimbursement of the medical expert fee and costs.

As important, however, the Court is intentionally mindful of the relatively minimal damages available to parties asserting successful FMLA violations. See *Hite v. Biomet, Inc.*, 53 F.Supp. 2d 1013, 1024 n. 13 (N.D. Ind. 1999) (finding that FMLA plaintiffs are not permitted to recover emotional or punitive damages under the FMLA). This Court does not wish to minimize the incentives for litigants to assert FMLA claims, thereby discouraging attorneys from litigating them. See *Cuff v. Trans States Holdings, Inc.*, 768 F.3d 605, 610-11 (7th Cir. 2014) ("[f]ee-shifting statutes such as § 2617(a)(3) are designed to prevent the potentially high costs of litigation from stifling justified claims,"). Accordingly, the Court uniformly applies a calculated

reduction of attorney fees and costs. This application stops short of discouraging FMLA litigation while simultaneously attaching the Plaintiff's recovery directly to the degree of success he obtained at trial, as required by *Hensley*.

The Court emphasizes that it has not arrived at this decision by way of blind application of a reduction amount to the figures asserted. The Court cannot ignore that the jury found against the Plaintiff on four out of five counts. In spite of the common facts and related legal theories involved, the results at trial entitle the Defendant to a significant reduction in the award. The Plaintiff requests a total reimbursement of $108,994.32. The Court finds that this award would be excessive in light of his limited success at trial. After considering the relationship between the amount of the fees and costs requested and factoring in the incentive for litigants to be able to assert their FMLA claims, the Court finds that the Plaintiff is entitled to a reduced reimbursement of $46,265.07. This number is comprised of 40% of the requested attorney fees ($37,819.50), 40% of the expert witness fee ($4,000), and complete reimbursement for other costs ($4,445.57).

## CONCLUSION

For the foregoing reasons, the Plaintiff's Petition (D. 68) is GRANTED in part and DENIED in part.

*It is so ordered.*

Entered on November 30, 2017

    _s/James E. Shadid_____
James E. Shadid
Chief United States District Judge